■ In the Matter of the Estate of RUTH LEVENSON, Deceased. ALVIN Ross, Appellant; SUSAN PINIERI et al., Respondents. [735 NYS2d 186] —In a probate proceeding, the petitioner, Alvin Ross, appeals from an order of the Surrogate's Court, Orange County (Slobod, S.), dated February 15, 2001, which denied his motion to dismiss the objectants' objections.

Ordered that the order is reversed, on the law, with costs payable by the objectants personally, the motion is granted, and the objections are dismissed.

The objectants object to the probate of their mother's will, executed more than two years before her death, on November

3, 1997. The will left all of the decedent's testamentary assets to the objectants, in equal shares. However, the will directed that estate or inheritance taxes be paid out of "the corpus of my estate" and not by "any individual gift or legatee." Further, the will named the decedent's companion of five years as her executor. The will was prepared and executed under the supervision of an attorney. Therefore, it is presumed that its execution complied with statutory provisions (*see, Matter of Ziele,* 242 AD2d 576).

The objectants asserted that the will should not be admitted to probate on the grounds of improper execution, lack of testamentary capacity, and fraud and undue influence. The petitioner moved to dismiss those objections. By order dated December 1, 2000, the Surrogate directed the objectants to submit an "affidavit of merit" in support of their objections, "supported by evidence and not just bare conclusory allegations." The so-called affidavit of merit submitted by the objectants contains hearsay, speculation, and surmise. No allegations are made with respect to the preparation or execution of the will. The objectants allege that the decedent's doctor diagnosed her as suffering from mild Alzheimer's disease in 1996. However, the doctor is not identified, and his alleged statements are inadmissible hearsay.

In view of the complete inadequacy of the so-called affidavit of merit, the petitioner's motion to dismiss the objections should have been granted (*see, Lessster v Lesster,* 178 App Div 438). Goldstein, J. P., McGinity, H. Miller and Townes, JJ., concur.